USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/23/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA          :
                                  :     No. 11 Cr. 755 (JFK)
       -against-                  :     No. 19 Civ. 5919 (JFK)
                                  :
ANGELO MICHEL,                    :     **OPINION & ORDER**
                                  :
                  Defendant.      :
------------------------------------X

APPEARANCES

FOR DEFENDANT ANGELO MICHEL:
     Pro Se

FOR THE UNITED STATES OF AMERICA:
     Mary Christine Slavik
     U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOHN F. KEENAN, United States District Judge:**

     Before the Court is Defendant-Petitioner Angelo Michel's

("Michel") motion to vacate, set aside, or correct his sentence

pursuant to 28 U.S.C. § 2255.  (ECF No. 418.)  The Government

opposes the motion.  For the reasons set forth below, Michel's

motion is DENIED.

     **I. Background**

     Unless otherwise noted, the following is taken from the

parties' submissions, the transcripts of Michel's plea hearing,

(ECF No. 202), sentencing hearing, (ECF No. 290), and Michel's

Presentence Investigation Report ("PSR").  In ruling on Michel's

request, the Court has considered the arguments advanced in his

pro se motion, (ECF No. 410), his amended pro se motion

(collectively "Motion"), (ECF No. 418), the Government's

1

memorandum in opposition ("Memorandum in Opposition"), (ECF No. 447), and affidavits submitted by Michel's trial counsel, (ECF No. 522), and appellate counsel, (ECF No. 528).

On July 12, 2012, Michel was charged in a superseding indictment ("Indictment") with one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 ("Count One"), one count of conspiracy to commit kidnapping, in violation of 18 U.S.C. § 1201(c) ("Count Two"), one count of using a firearm during and in relation to the conspiracy to commit Hobbs Act robbery charged in Count One, in violation of 18 U.S.C. § 924(c) ("Count Three"), one count of using a firearm during and in relation to the conspiracy to commit kidnapping charged in Count Two, in violation of 18 U.S.C. § 924(c) ("Count Four"), one count of substantive Hobbs Act robbery, in violation of 18 U.S.C. § 1951 ("Count Ten"), and one count of conspiracy to distribute and possess with intent to distribute narcotics, in violation of 21 U.S.C. § 846 ("Count Twelve"). (Superseding Indictment, ECF No. 52.)

The charges stemmed from Michel's role in a violent armed robbery crew that, from at least December 2009 through May 2011, targeted drug dealers and various business owners in New York City and Nassau County, New York. (PSR ¶ 29.) As documented in his PSR, Michel directly participated in at least three robberies. (Id. ¶ 30-32.) During each of the robberies, Michel

2

and his co-conspirators grabbed their victim off of the street or from their home, forced them into a van, tortured them in an effort to extract information about the location of money or drugs, and robbed them.  (Id.)  During one of the robberies, Michel's cell phone was used to call a victim's family and demand a ransom.  (Id. ¶ 62.)

On September 13, 2013, Michel pled guilty, pursuant to a plea agreement ("Plea Agreement"), to Count Two of the Indictment.  During the plea hearing ("Plea Hearing"), which took place before Judge Loretta A. Preska, the Government summarized the terms of the plea agreement, including Michel's waiver of his right to appeal or collaterally challenge his sentence and conviction.  (Plea Hearing Transcript ("Plea Tr.") at 5:22-6:22.)  In response to questioning from Judge Preska, Michel acknowledged that he understood the terms of the Plea Agreement and stated that he had discussed the document with his trial counsel, Xavier R. Donaldson ("Donaldson").  (Id. at 7:1-13.)  Regarding the waiver provision specifically, Judge Preska emphasized the following:

> [JUDGE PRESKA]: And do you recall, sir, that in this agreement you agree not to appeal or otherwise litigate a sentence within or below [the stipulated guidelines range of] 292 to 365 month[s]?
>
> THE DEFENDANT: Yes, ma'am.

(Id. at 7:5-9.)  Michel additionally stated that he was satisfied with Donaldson's representation and acknowledged that

he was entering his plea voluntarily and of his own free will.

(Id. at 8:5-8.)  As for his factual allocution, Michel made the following statement with regards to Count Two:

> THE DEFENDANT: I, Angelo Michel, knowingly and
> willfully agreed with others to unlawfully kidnap
> another person and on or about May 15, 2011, I went to
> the kidnapping location.  I allowed my cell phone to
> be used as part of the kidnapping.

(Id. at 13:10-14.)  Finding Michel "fully competent and capable of entering an informed[,] . . . knowing[,] and voluntary" plea, Judge Preska accepted Michel's guilty plea and adjourned the matter for sentencing.  (Id. at 14:15-23.)

On March 27, 2014, this Court sentenced Michel to 240 months' imprisonment, followed by five years' supervised release.  (Sentencing Hearing Transcript ("Sent. Tr.") at 16:9-18.)  Michel filed a notice of appeal on April 1, 2014.  On November 17, 2014, Michel's appellate counsel, Devin McLaughlin ("McLaughlin"), filed a motion and brief pursuant to Anders v. California, 386 U.S. 738 (1967), requesting that he be removed as counsel on the grounds that there were no non-frivolous issues that could be raised on appeal.  The Government additionally moved to dismiss Michel's appeal based on the appeal waiver contained in the Plea Agreement.  Michel objected to both motions.  On June 1, 2018, the Second Circuit granted the Anders motion filed by McLaughlin and dismissed Michel's appeal.  The mandate issued on July 6, 2018.

On June 21, 2019, Michel filed a pro se motion challenging his conviction pursuant to 28 U.S.C. § 2255.  (ECF No. 410.)  By order dated July 8, 2019, the Court ordered Michel to file an amended motion setting forth his "grounds for relief . . . [and] the facts supporting the specified grounds[.]"  (Order to Amend (July 8, 2019), ECF No. 411 at 1.)  Michel filed the amended motion on August 26, 2019.

In his Motion, Michel raises four separate grounds for relief.  First, he argues that his guilty plea was neither knowing nor voluntary because he received ineffective assistance of counsel in connection with his Plea Agreement.  Second, he argues that his appellate counsel was constitutionally ineffective because he failed to raise allegedly meritorious arguments in support of his appeal.  Third, he claims that he is "actually and factually" innocent of the charges contained in the Indictment.  (Amended Motion ("Amend. Mot."), ECF No. 418 at 18.)  Finally, he argues that his conviction must be vacated because the indictment was obtained, in part, through false grand jury testimony.

In support of his final claim, Michel alleges that New York City Police Department ("NYPD") Detective Donald DeRienzo ("DeRienzo") falsely testified before a grand jury that a kidnapping victim and Government witness, Gregorio Nunez ("Nunez"), identified two of Michel's co-conspirators, Jose

Ortega ("Ortega") and Juan Marte ("Marte"), from a photo array of possible perpetrators.  Michel maintains that DeRienzo's testimony was knowingly false because (1) Nunez later testified under oath that he never identified Ortega and Marte, and (2) DeRienzo "previously set up a man in the State of New York with the same type of misconduct[.]"  (Amend. Mot. at 27–28.) According to Michel, "the Government knew or should have known that [DeRienzo] committed perjury[.]"  (Id. at 27.)  Michel contends that the Government's use of the testimony violated his Fifth Amendment due process rights and requires vacatur of his conviction.[1]

In its Memorandum in Opposition, the Government argues that Michel's Motion should be denied in its entirety because he knowingly and voluntarily waived his right to collaterally challenge his conviction under § 2255.  The Government additionally argues that regardless of the waiver, Michel's various claims are refuted by the record and should be denied as meritless.  As explained in greater detail below, the Court agrees with the Government and concludes that Michel's claims

---

[1] On September 16, 2021, the Court received an affidavit from Michel. (Michel Affidavit (Sept. 10, 2021).)  In the affidavit, Michel states that he was "arrested and interviewed" by DeRienzo on July 7, 2011. (Id.)  He further alleges that although he told DeRienzo during the interview that he "did not commit[] a[] crime[,]" DeRienzo testified before the grand jury that Michel had claimed to be "a victim of a crime and made a police report[.]"  (Id.)

are both barred by the waiver provision of the Plea Agreement
and fail on the merits.

## II. Legal Standard

Under 28 U.S.C. § 2255(a), a federal prisoner may
collaterally challenge his sentence on the ground that "the
sentence was imposed in violation of the Constitution or laws of
the United States."  To obtain relief under § 2255, a defendant
must establish "a constitutional error, a lack of jurisdiction
in the sentencing court, or an error of law or fact that
constitutes 'a fundamental defect which inherently results in a
complete miscarriage of justice.'"  United States v. Bokun, 73
F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368
U.S. 424, 428 (1962)).   Pursuant to § 2255(b), a district court
is required to hold an evidentiary proceeding "[u]nless the
motion and the files and records of the case conclusively show
that the prisoner is entitled to no relief[.]"  28 U.S.C. §
2255(b).  The Second Circuit, in turn, has interpreted this
provision to require a hearing where the petitioner pleads a
"'plausible' claim of ineffective assistance of counsel."
Raysor v. United States, 647 F.3d 491, 494 (2d Cir. 2011)
(quoting Puglisi v. United States, 586 F.3d 209, 213 (2d Cir.
2009)).  "It is within the district court's discretion to
determine the scope and nature of a [§ 2255(b)] hearing. . . .
Thus, when the judge who tried the underlying proceeding[] also

7

presides over a § 2255 motion, a full-blown evidentiary hearing may not be necessary." Id. (citation omitted.) "'Bald allegations' unsupported by evidentiary facts do not" warrant a hearing. Puglisi, 586 F.3d at 213 (quoting Newfield v. United States, 565 F.2d 203, 207 (2d Cir. 1977)).

To prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) his "counsel's representation fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 669, 688-94 (1984). Under the first prong of the Strickland test, "the proper standard for attorney performance is that of reasonably effective assistance." Id. at 687. In applying this standard, the "court 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' bearing in mind that '[t]here are countless ways to provide effective assistance in any given case' and that '[e]ven the best criminal defense attorneys would not defend a particular client in the same way.'" United States v. Aguirre, 912 F.2d 555, 560 (2d Cir. 1990) (quoting Strickland, 466 U.S. at 689). The burden is on the defendant to show that his counsel "'made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the

Sixth Amendment.'" <u>Harrington v. Richter</u>, 562 U.S. 86, 105 (2011) (quoting <u>Strickland</u>, 466 U.S. at 687).

Under the second prong of the Strickland test, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. . . .  The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 693-94.  When the defendant's claim centers on a plea of guilty, the defendant "'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" <u>Gonzalez v. United States</u>, 722 F.3d 118, 130 (2d Cir. 2013) (quoting <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985)).

## III. Discussion

### A. Michel's Motion is Barred by the Plea Agreement

As noted above, Michel agreed in his Plea Agreement to waive his right to collaterally attack his conviction and sentence, including under 28 U.S.C. § 2255, in the event the Court imposed a sentence of 365 months' imprisonment or less. The Court imposed a below—Guidelines sentence of 240 months' imprisonment.  Accordingly, as a threshold matter, the Court must determine whether Michel's waiver is valid and bars the instant Motion.  See <u>Lustig v. United States</u>, No. 10 Civ. 4003

(RJS), 2010 WL 5094363, at *4 (S.D.N.Y. Dec. 8, 2010) ("As a threshold inquiry, the Court must determine whether the instant petition is precluded by the waiver of appeal provision in Petitioner's plea agreement.").

The Second Circuit has long recognized that "[a] defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is enforceable." Sanford v. United States, 841 F.3d 578, 580 (2d Cir. 2016); see also United States v. Gomez-Perez, 215 F.3d 315, 318 (2d Cir. 2000) (noting that courts have "repeatedly upheld the validity of such waivers" where they are "knowingly, voluntarily, and competently provided by the defendant"); Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir.2001) (per curiam) (dismissing section 2255 petition without reaching merits because waiver in plea agreement was valid and enforceable). A collateral attack waiver, however, "does not foreclose an attack on the validity of the process by which the waiver has been procured." Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195 (2d Cir. 2002). Accordingly, "[w]here there is a claim of ineffective assistance of counsel that calls into question the legitimacy of the waiver itself, the waiver will not foreclose a section 2255 petition." Riggi v. United States, 2007 WL 1933934, at *5 (S.D.N.Y. July 5, 2007). "To raise a claim despite a guilty plea or appeal

waiver, the petitioner must show that the plea agreement was not knowing and voluntary . . . because the advice he received from counsel was not within acceptable standards." Parisi v. United States, 529 F.3d 134, 138 (2d Cir. 2008) (internal quotation marks and citations omitted)).

Here, Michel argues that his collateral attack waiver is invalid because he received constitutionally ineffective assistance of counsel during the plea negotiation process. Specifically, Michel contends that Donaldson (1) improperly advised him to plead guilty even though he "never participated in the crimes charged in the Indictment[,]" (Amend. Mot. at 24); (2) failed to investigate exculpatory evidence and "threatened [him] with a life sentence if he did not accept the plea offer[,]" (id. at 16); and (3) misled him as to his possible sentence, (id. at 29). Each of these claims is refuted by the record.

As for his first claim, Michel appears to allege that his guilty plea was neither knowing nor voluntary because Donaldson improperly "advised [him] that it did not matter that he was claiming actual innocence[.]" (Amend. Mot. at 23.) This claim, however, is contradicted by Michel's sworn plea allocution and Donaldson's affidavit. During the plea hearing, Michel admitted under oath that he "knowingly and willfully agreed with others to unlawfully kidnap another person and[,] on or about May 15,

2011, [he] went to the kidnapping location." (Plea Tr. at 13:10-13.) He also admitted that he "allowed [his] cell phone to be used as part of the kidnapping." (Id. at 13:13-14.) Nowhere in his Motion does Michel credibly allege that he lied under oath or that he was coerced into testifying falsely. Michel's "'[w]holly conclusory' 'claims of innocence' give 'no reason to disturb the strong presumption of verity that attaches to . . . admissions of guilt at a plea allocution.'" United States v. Richards, 764 F. App'x 35, 37 (2d Cir. 2019) (summary order) (quoting United States v. Hirsch, 239 F.3d 221, 225 (2d Cir. 2001); see also United States v. Gonzalez, 647 F.3d 41, 54 (2d Cir. 2011) ("A reference to corroborating facts—as opposed to a 'bald statement' of innocence—is essential if a court is to credit a defendant's present claims of innocence . . . over his prior (and now contradicted) admissions of guilt under oath." (internal quotation marks and citation omitted)).

Additionally, in his affidavit, Donaldson states that prior to the Plea Hearing, he informed Michel "about [his] conversations with the Government and that the Government indicated that it had cooperators against [Michel] and that they believed they could 'prove up' . . . that he was present and/or participated in at least four of the nine kidnappings [and] robberies." (Donaldson Aff. at 2.) Donaldson also notes that he and Michel "discussed the exposure he would face if he [was]

12

found guilty of the charges . . . [and] [a]fter several conversations . . . , Michel decided that he wanted to plead guilty to the charges in this matter." (Id.)  Taken together, Donaldson's affidavit and Michel's sworn testimony refute his claim that Donaldson ignored his claim of innocence and improperly advised him to plead guilty. See United States v. Wilson, 828 F. Supp. 2d 679, 686 (S.D.N.Y. 2011) (holding that defendant's argument of legal innocence "founder[ed] because she admitted her culpability when she pled guilty" and nowhere contended that she made false statements during her plea allocution), aff'd, 523 F. App'x 30 (2d Cir. 2013) (summary order); see also Blumenberg v. United States, No. 01 CR. 571 (JGK), 2009 WL 3459185, at *3 (S.D.N.Y. Oct. 27, 2009) ("Self-serving conclusory allegations . . . are insufficient to establish ineffective assistance of counsel.")

Michel's claim that Donaldson failed to discover exculpatory evidence is also unavailing.  In his Motion, Michel argues that Donaldson was ineffective because he failed to investigate whether Michel's cell phone was lost on the day of the kidnapping and failed to discover that DeRienzo allegedly committed perjury before the grand jury.  According to Michel, because Donaldson's investigation was insufficient, he was never properly advised on the strengths and weaknesses of the

Government's case before entering his plea.  The Court, having reviewed the record and Donaldson's affidavit, disagrees.

"To successfully assert an ineffective assistance of counsel claim based on a failure to investigate, 'a petitioner must do more than make vague, conclusory, or speculative claims as to what evidence could have been produced by further investigation.'"  United States v. Peterson, 896 F. Supp. 2d 305, 316 (S.D.N.Y. 2012) (quoting Taylor v. Poole, No. 07 Civ. 6318 (RJH) (GWG), 2009 WL 2634724, at *14 (S.D.N.Y. Aug. 27, 2009), report and recommendation adopted, No. 07 Civ. 6318 (RJH) (GWG), 2011 WL 3809887 (S.D.N.Y. Aug. 26, 2011).  Here, Donaldson notes in his affidavit that he and Michel discussed the "lost cell phone" on several occasions.  (Donaldson Aff. at 2.)  He further states that he declined to pursue the cellphone "alibi defense" after Michel admitted that he "lent" the phone to the kidnappers.  (Id.)  Donaldson also notes that Michel "did not indicate . . . that he had alibi witnesses . . . willing to testify[] that he was someplace else when any or all of the kidnappings took place."  (Id.)  As for DeRienzo's grand jury testimony, Donaldson had no reason to believe that the testimony was false.  Nunez's allegedly contradictory trial testimony did not occur until after Michel's plea hearing.  Accordingly, because Donaldson's investigatory decisions were objectively reasonable and he "thoroughly reviewed" the Government's

14

evidence with Michel prior to the plea, Michel's second ineffective assistance claim fails.  See Greiner v. Wells, 417 F.3d 305, 321 (2d Cir. 2005) (duty to investigate "does not . . . compel defense counsel to investigate comprehensively every lead or possible defense . . . or 'to scour the globe on the off-chance something will turn up'" (quoting Rompilla v. Beard, 545 U.S. 374, 383 (2005)).

Finally, Michel argues that he received ineffective assistance of counsel in connection with the plea agreement because Donaldson misrepresented his possible sentencing exposure.  This claim is belied by the record.  During the Plea Hearing, Michel confirmed that he understood the terms of the Plea Agreement and he expressly acknowledged that he could face a "sentence within or below [the] 292 to 365-month range" set forth in the agreement.  (Plea Tr. at 7:6–9.)  When asked if he was "satisfied with the advice, counsel, and representation" of Donaldson, Michel responded "[y]es."  (Id. at 12:17–20.)  Where, as here, "a defendant . . . has explicitly stated in his allocution that he fully understands the consequences of his plea and that he has chosen to plead guilty after a thorough consultation with his attorney, a district court on habeas review may rely on the defendant's sworn statements and hold him to them."  Padilla v. Keane, 331 F. Supp. 2d 209, 217 (S.D.N.Y. 2004).  Because Michel's own sworn testimony demonstrates that

he understood the consequences of the Plea Agreement, his ineffective assistance claim fails.

In sum, Michel has failed to establish that Donaldson's representation during the plea negotiations "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Moreover, as Michel's sworn plea allocution makes clear, his waiver of the right to collaterally attack his conviction was both knowing and voluntary. During the Plea Hearing, he confirmed that he had thoroughly reviewed the agreement with Donaldson, (Plea Tr. at 7:10–13), and acknowledged that under the agreement, he "agree[d] not to appeal or otherwise litigate [his] sentence[,]" (id. at 7:6–9). Because Michel's wavier was knowing and voluntary and his claims of ineffective assistance of counsel are meritless, the collateral waiver remains valid, and the claims Michel raises in the instant motion are procedurally barred. Muniz v. United States, 360 F. Supp. 2d 574, 577 (S.D.N.Y. 2005) ("Where the record reveals that the waiver was knowing and voluntary, and that there is no merit to the ineffective assistance claim, the waiver should be enforced.").

### B. Michel's Motion Fails on the Merits

Even if Michel's remaining claims were not procedurally barred, his Motion would still be denied because the various claims fail on the merits.

### 1. Michel's Remaining Ineffective Assistance
### Claims Are Meritless

Michel raises two ineffective assistance of counsel claims that are unrelated to his guilty plea.  First, he argues that Donaldson was constitutionally ineffective during the sentencing phase of his case because he failed to object to the Guidelines calculation contained in the PSR.  Second, he argues that his appellate counsel, McLaughlin, was constitutionally deficient because he filed an <u>Anders</u> brief and failed to raise the claims that Michel presents in the instant Motion.  Both claims are refuted by the record and substantively meritless.

With respect to the PSR, Michel contends that Donaldson was ineffective because he failed to object to the PSR's recommendation of a six-level enhancement, which was based on the ransom demand made from Michel's phone.  (<u>See</u> PSR ¶ 62; U.S.S.G. § 2A4.1(b)(1).)  According to Michel, Donaldson should have "present[ed] the evidence of the lost [cell] phone at sentencing in [support of] mitigation."  (Amend. Mot. at 31.) This argument fails, however, because Michel's claim that he "lost" his cell phone on the day of the kidnapping is directly refuted by his sworn admission that he "went to the kidnapping location [and] allowed [his] cell phone to be used as part of the kidnapping." (Plea Tr. at 13:12-14.)  Additionally, Donaldson notes in his affidavit that he declined to pursue the

17

cell phone alibi after "Michel indicated . . . (1) that he was a lookout, (2) that he gave his phone to someone, (3) that he knew many of the co-defendants, [and] (4) that he was present for some of the criminal acts . . . ."  (Donaldson Aff. at 7–8.) Donaldson's decision to pursue a below-Guideline sentence rather than raise Michel's cell phone alibi during the Sentencing Hearing was reasonable under the circumstances.   United States v. Kirsh, 54 F.3d 1062, 1071 (2d Cir. 1995) (holding that counsel's "failure to make a meritless argument does not rise to the level of ineffective assistance"), cert. denied, 516 U.S. 927 (1995).

Michel's claim concerning McLaughlin's Anders brief is similarly unavailing.  "The submission of an Anders brief does not meet the Strickland standard for ineffective assistance if the request to withdraw is granted by the court." Carrasquillo v. Heath, No. 10 Civ. 5639 (PKC), 2017 WL 4326491, at *6 (E.D.N.Y. Sept. 28, 2017); see also Chen v. United States, No. 11 CR. 1038 (JFK), 2017 WL 4326529, at *6 (S.D.N.Y. Sept. 28, 2017).  This is because "[t]he Court of Appeals of the Second Circuit will not grant an Anders motion unless it is satisfied that: (1) 'counsel has diligently searched the record for any arguably meritorious issue in support of his client's appeal;' and (2) 'defense counsel's declaration that the appeal would be frivolous is, in fact, legally correct.'"  Torres-Cuesta v.

18

United States, 2010 WL 3928588, at *7 (E.D.N.Y. Sept.30, 2010) (quoting United States v. Burnett, 989 F.2d 100, 104 (2d Cir. 1993)).  Here, McLaughlin filed an Anders brief after he correctly determined that there were no non-frivolous issues that could be raised on appeal.  Because the Anders motion was granted, Michel's claim of ineffective assistance fails.  See Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994) (holding that to establish ineffective assistance of appellate counsel, defendant must show that the omitted "claim would have been successful before the [appellate court]" (quoting Claudio v. Scully, 982 F.2d 798, 803 (2d Cir. 1992)).

## 2. Actual Innocence

As noted above, Michel additionally argues that his conviction should be set aside because he is "actually and factually innocent of [the] kidnapping."  (Amend. Mot. at 5.) Even if this claim was not procedurally barred, it would fail on the merits.

"'Actual innocence' is more than 'legal innocence' or an assertion of insufficiency of evidence.'" Flom v. United States, No. 19 Civ. 6476 (RRM), 2021 WL 84230, at *6 (E.D.N.Y. Jan. 11, 2021) (quoting Poindexter v. Nash, 333 F.3d 372, 380 (2d Cir. 2003)).  Instead, a claim of actual innocence "means that the petitioner in fact did not commit the crimes on which the calculation or imposition of his sentence was based."  Abdur-

Rahman v. United States, No. 09 Cr. 442 (WHP), 2016 WL 1599491,
at *3 (S.D.N.Y. Apr. 19, 2016) (citation omitted).  "Separate
from establishing actual innocence as cause for a procedural
default, neither the Supreme Court nor the Second Circuit has
recognized a freestanding claim of actual innocence as a basis
for habeas relief."  Flom v. United States, No. 14 Cr. 507
(RRM), 2021 WL 84230, at *6 (E.D.N.Y. Jan. 11, 2021) (citing
McQuiggin v. Perkins, 569 U.S. 383, 392 (2013)); see also
Herrera v. Collins, 506 U.S. 390, 390-91 (1993)("Claims of
actual innocence based on newly discovered evidence have never
been held to state a ground for federal habeas relief absent an
independent constitutional violation occurring in the underlying
. . . criminal proceeding.")  The Supreme Court has opined,
however, that if such a claim did exist, "the threshold showing
for such an assumed right would necessarily be extraordinarily
high."  Herrera v. Collins, 506 U.S. 390, 393 (1993).

     Here, regardless of the "burden a hypothetical freestanding
innocence claim would require," House v. Bell, 547 U.S. 518,
555, Michel's claim fails because he offers no evidence in
support of his "bald" claim of innocence and his claim is
directly contradicted by his sworn plea allocution.  See United
States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997) (holding in
the context of a motion to withdraw a guilty plea "[a]
defendant's bald statements that simply contradict what he said

at his plea allocution are not sufficient grounds to withdraw the guilty plea").  In his Motion, Michel relies exclusively on his claim that his cell phone was "lost or stolen" before the kidnapping took place.  Michel provides no evidence in support of this allegation and as noted above, it is directly contradicted by his admission that he "allowed [his] cell phone to be used as part of the kidnapping."  (Plea Tr. at 13:10-14.)  Accordingly, Michel's claim of actual innocence is both factually and legally insufficient.  See Moreno-Godoy v. United States, Nos. 13 Civ. 2383 (JSR) (GWG), 07 Cr. 354 (JSR), 2014 WL 1088300, at *35 (S.D.N.Y. Mar. 20, 2014) (explaining that actual innocence claim "'requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial'") (quoting Schlup v. Delo, 513 U.S. 298, 324 (1995)).

### 3. Prosecutorial Misconduct

Michel's final claim in support of the instant Motion is that the Government knowingly withheld evidence of DeRienzo's allegedly false grand jury testimony.  This claim fails on the merits because Michel's guilty plea cured any possible deficiency in the grand jury proceeding.

"Having admitted to the factual basis of the charges against him upon entering a plea of guilty, any error in the

proceeding which led to his indictment is . . . rendered harmless, and is not a cognizable claim in a federal habeas proceeding." Lloyd v. Walker, 771 F. Supp. 570, 577 (E.D.N.Y. 1991); see also Alston v. Ricks, No. 01 Civ. 9862 (GWG), 2003 WL 42144, at *7 (S.D.N.Y. Jan. 3, 2003) ; United States v. Sullivan, No. 05 Civ. 6060, 2007 WL 2746900, at *8 (W.D.N.Y. 2007) ("[W]here a habeas petitioner has entered a voluntary and knowing guilty plea while represented by competent counsel, any non-jurisdictional defects, including defects with regard to grand jury proceedings, are waived."). Here, Michel admitted under oath that he "knowingly and willfully agreed with others to unlawfully kidnap another person on or about May 15, 2011[.]" (Plea Tr. at 13:10-12.) Accordingly, even if Michel's claims of prosecutorial misconduct were true, his guilty plea rendered them harmless and his claim is, therefore, denied.

**IV. Conclusion**

For the reasons set forth above, Angelo Michel's motion to vacate, set aside, or correct his sentence is DENIED. The Court declines to issues a certificate of appealability because Michel has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Krantz v. United States, 224 F. 3d 125, 127 (2d Cir. 2000). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Opinion and Order by Michel would not be

taken in good faith.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is directed to terminate the motion docketed at ECF No. 418 in criminal case 11 Cr. 0755 and close civil case 19 Civ. 5919.

**SO ORDERED.**

Dated: New York, New York
      August 23 , 2022

                               John F. Keenan
                   United States District Judge